## Dow *v*. Wells.

(*Circuit Court, D. Iowa, C. D.* January 18, 1882.)

NEW TRIAL—VERDICT, WHEN SET ASIDE.

Where, in an action for the possession of lands, the plaintiff showed a clear paper title, and the defendant's patent was shown to establish only color of title; and any question as to the priority of the plaintiff's patent could be established by further proofs; and the verdict of the jury was general, and was probably influenced by their sympathy, growing out of the fact that the patentee under whom the defendant claimed was in some way connected, as heir or otherwise, with a soldier who fought in the revolution—a new trial was granted.

*Brown & Campbell* and *W. S. Clark,* for plaintiff.

*Parsons & Runnells,* for defendant.

LOVE, D. J. In this case the plaintiff exhibited a clear legal title to the land in controversy. There could be no reasonable doubt of the priority of his patent; yet the defendant stoutly contested the plaintiff's paper title, and very possibly induced the jury to believe that the defendant's patent was entitled to priority. If the jury did so believe and find, the plaintiff is clearly entitled to a new trial on that ground alone. If the defendant had conceded the plaintiff's patent title and taken the verdict of the jury upon the question of adverse possession alone—a question eminently fit for the jury to decide—the court would feel disinclined to interfere with the verdict. But the defendant, having assailed the plaintiff's title and stoutly contended for the superiority of his own patent, and the jury having found a general verdict, it is impossible to say that the jury did not find against the validity of the plaintiff's patent, and give their verdict upon that ground.

Under such circumstances, I think, the court ought not to give the defendant a judgment upon the verdict. The plaintiff ought not to lose a clear title to the land by a single verdict founded possibly upon a clearly erroneous view by the jury of the plaintiff's paper title, more especially where the losing party has no appeal. It seems to the court that any question as to the priority of the plaintiff's patent could be removed by further proofs, and the jury be left in a future trial to pass upon the sole question of the defendant's rights under the statute of limitations; the defendant's patent being shown to establish color of title. Alone it could certainly be established beyond question that the plaintiff's patent was first issued and recorded. This would take out of the case a matter which may have influenced

the mind of the jury; namely, the claims of the defendant upon their sympathies growing out of the fact that the patentee under whom the defendant claims was in some way connected, as heir or otherwise, with a soldier who fought and suffered for his country in the war of the revolution. As this fact was pressed with great earnestness and force upon the jury, they may have been influenced by it. It is needless to add that a party has a right to have his legal rights determined in a court of justice without reference to what any one under whom his adversary claims performed in the revolution.

The verdict is set aside, and a new trial granted. It is further ordered that the cause be assigned by the clerk for an early day of the next term.